## Patrick Reynolds, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,729.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 29, 1918.

### Statement of the Case.

Action by Patrick Reynolds, plaintiff, against Chicago City Railway Company, defendant, to recover for personal injuries received while in defendant's employ. From a judgment for plaintiff for $3,600, defendant appeals.

Franklin B. Hussey and Charles LeRoy Brown, for appellant; John R. Guilliams, of counsel.

James C. McShane, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Workmen's Compensation Act, § 2*—*when burden on party asserting that employer not under to show such fact.* Under section 2 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(2)], an employer is conclusively presumed to be under the act, regardless of any course of conduct on its part, and the burden of proof is on the party asserting the contrary to show the doing of those things which the statute prescribes as essential to remove the employer from the operation of the act.

2. Workmen's Compensation Act, § 2*—*necessity of proving both filing of notice of rejection of act by employer and posting of notices.* The filing of the notice with the Industrial Board required by sections 1 and 2 of the Workmen's Compensation Act of 1913 [Calla-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ghan's 1916 St. Supp. ¶¶ 5475(1), 5475(2)], by an employer of an election not to be bound by the act, and the posting of the notice therein required, are separate and independent acts, each of which must be proven, proof of one not being an admission or proof of the performance of the other.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when timely rejection of act for forthcoming year not shown.* Proof of the receipt by the Industrial Board less than 60 days before the expiration of the calendar year of an employer's notice of its rejection of the Workmen's Compensation for the forthcoming year is not sufficient to show the filing of the election to reject provided for in section 1 of the Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1)], even though it is shown that the notice was mailed more than 60 days before the expiration of the year, but to a wrong address.

